IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAL BEDNAREK,

                              Plaintiff,              Civil Action No. 26-cv-1047

v.                                                    (Judge Hornak)

SCHEDULE A DEFENDANTS,

                              Defendants.             **FILED UNDER SEAL**

**PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER
CONTINUING THE SHOW CAUSE HEARING, MODIFYING THE BRIEFING
SCHEDULE, AND EXTENDING THE TEMPORARY RESTRAINING ORDER**

Plaintiff hereby moves this Court for an order continuing the show cause hearing,

modifying the briefing schedule, and extending the temporary restraining order.  In support

thereof, Plaintiff submits the following:

## I.       INTRODUCTION

Plaintiff is suing Defendants for copyright infringement.  On June 8, 2026, this Court

entered a Sealed Order ("Order") (ECF No. 15 ) granting: 1) a temporary restraining order; 2) an

order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary

injunction should not issue; and 4) an order authorizing expedited discovery against the

Defendants, Third Party Service Providers, and Financial Institutions.  The Court required

additional materials to submitted by June 16, 2026 and scheduled the show cause hearing for

Monday, June 22, 2026

The Third Party Service Providers involved in this case have not yet provided contact information for all of the Defendants.  Accordingly, conducting the show cause hearing on June 22, 2026 would not provide Defendants with proper notice as required by Rule 65(a)(1) of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff is requesting a postponement of the show cause hearing and a corresponding adjustment of the briefing schedule and the due date for the additional and supplemental materials.

## II.    STATEMENT OF FACTS

The Order provides that upon receipt of notice of this Order, each Third Party Service Provider and Financial Institution shall locate, attach and freeze Defendants' Assets and provide Plaintiff with contact information for each Defendant. Once the Asset Freeze is completed and Plaintiff has received the contact information, Plaintiff's counsel is to serve the Defendants.  (See *Ference Dec.*, ¶¶ 7-10). As of today (June 16, 2026), the third parties have not complied with the asset freeze order nor provided to Plaintiff's counsel the contact information needed to accomplish alternative service upon the Defendants.  (*Ference Dec.*, ¶¶ 5, 9-10).

## III.    ARGUMENT

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction "only upon notice to the adverse party." Because Plaintiff has not received the information from the Third Party Service Providers necessary to provide notice to each Defendant, it is not feasible to hold the show cause hearing on June 22, 2026.

### A.  Good Cause Exists for Extending the Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order expires at the time that the court sets, unless before that time the court, for good cause, extends it or the

adverse party consents. Thus, this Court's temporary restraining order will expire unless extended by the Court.

The purpose of a temporary restraining order, both generally and in this case specifically, is to preserve the status quo and the plaintiff's ability to obtain complete relief until the court can hear the motion for a preliminary injunction. Although TROs are intended to be short in duration, when the court needs more time to decide whether to grant a preliminary injunction, the court will extend the TRO until it rules on the preliminary injunction. Baicker-McKee and Janssen, FEDERAL CIVIL RULES HANDBOOK 2025 (Thomson Reuters) at 1296 (citing caselaw).

It is not atypical to extend a temporary restraining order in cases like the present case. For example, in *Aquapaw LLC v. Allnice, et al*, 20-cv-1954, this Court extended the temporary restraining order twice to permit the plaintiff more time to serve the defendants (See ECF No. 30) (Order entered December 28, 2020) and ECF No. 32 (Ordered entered January 6, 2021)); *See also Aquapaw Brands LLC v. Tiktoks, et al.*, 21-696 (ECF No. 26) (Order entered June 4, 2021); *Talavera Hair Prods., Inc. v. Taizhou Yunsung Electrical Appliance Co., Ltd. a business entity and The Individuals, P'ships & Unicorporated Assns. Identified on Exhibit "1"*, No. 18-CV-823 (S.D. Cal. May 22, 2018) (ECF No. 16) (continuing the hearing on the preliminary injunction for two weeks and extending the temporary restraining order "until the Court rules on Plaintiff's Motion for Preliminary Injunction."); *Apple Corps Ltd. v. 3W Store*, No. 18-CV-60656 (S.D. Fla. April 12, 2018) (ECF No. 28) (extending a temporary restraining order until the court ruled on the report and recommendation issued by the magistrate judge); and *WowWee Group Limited, et. al. v. Meirly, et. al.*, Civil Case. No. 18-cv-706 (S.D.N.Y Feb. 5, 2018) (ECF No. 4)

(modifying the briefing schedule based upon the plaintiff's representation that they could not serve the defendants within the original TRO schedule).

Given that the third parties not yet complied with this Court's Order, preventing Plaintiff from serving Defendants with notice of the show cause hearing, good cause exists to continue the show cause hearing. Based upon past experience, it would be prudent to extend the hearing by at least two weeks. (*Ference Dec*., ¶ 10).  Likewise, the briefing schedule for Defendants opposition papers and Plaintiff's supplemental submissions should also be extended. Finally, Plaintiff respectfully requests that the Court extend its temporary restraining order until it rules on Plaintiff's motion for a preliminary injunction.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits good cause exists for continuing the Show Cause Hearing, modifying the briefing schedule, and extending the Temporary Restraining Order.

A Proposed Order granting this motion is submitted herewith.

Respectfully submitted,

Dated: June 16, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff