IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAL BEDNAREK,

                    Plaintiff,

v.

SCHEDULE A DEFENDANTS,

                    Defendants.

Civil Action No. 26-cv-1047

(Judge Hornak)

**FILED UNDER SEAL**

**DECLARATION OF STANLEY D. FERENCE
IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER
CONTINUING THE SHOW CAUSE HEARING, MODIFYING THE BRIEFING
SCHEDULE, AND EXTENDING THE TEMPORARY RESTRAINING ORDER**

I, Stanley D. Ference III, hereby declare as follows:

1.      I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

2.      I am one of the attorneys working for Ference & Associates LLC ("the Ference Firm" or "Plaintiff's Counsel"), legal counsel for Plaintiff.  I make this declaration in support of Plaintiff's *Ex Parte* Motion for an Order to Extend the Temporary Restraining Order, Continue the Show Cause Hearing, and Modify the Briefing Schedule.

3.      On June 8, 2026, this Court entered a Sealed Order ("Order") granting 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts

(as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against all of the Defendants identified on **Schedule "A"** attached to the Complaint and certain third parties (the "Financial Institution(s)"), and their related companies and affiliates (the "Order"). The show cause hearing is scheduled for Monday, June 22, 2026. The Defendants' response deadline for the show cause order is set for today, June 16, 2026.

4.      Though Plaintiff promptly served the required third parties, to date, Plaintiff has not received the necessary third party confirmation that the accounts have been identified and restrained and the third parties have not yet provided the information as required by the Order. The information is needed to serve the Defendants in accordance with the Alternative Service Order.

5.      Based upon these various third-party delays in processing the Order, it will not be possible for Plaintiff's counsel to confirm third party compliance with the Order and serve the Defendants in accordance with the Order before the Defendants are required to respond to the show cause hearing.

6.      The Order provides that each of the Financial Institutions and Third Party Service Providers is to locate and freeze the Defendants' Assets and to provide the Plaintiff's counsel with the contact information necessary to serve the Defendants.

7.      In my experience, since all of the Financial Institutions have not yet complied with the Order, serving any of the Defendants before that compliance risks the Defendants being able to secret their funds and to alert other Defendants to do the same before the asset freeze is completed.

8.      Thus, in order to prevent the Defendants from escaping the effects of the Court's Order, it is necessary to wait for all of the Financial Institutions to confirm the asset freeze under before serving any of the Defendants in this case.

9.      Additionally, Plaintiff's counsel will need to receive the Defendants' contact information from the Financial Institutions in order to serve the Defendants in compliance with the Alternative Service Order.

10.     It would appear that an extension of 2 weeks would likely allow the various parties to comply with the Order such that there is sufficient notice and opportunity for the Defendants.

I declare under the penalty of perjury laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed June 16, 2026, at Pittsburgh, Pennsylvania.

/s/ Stanley D. Ference III
Stanley D. Ference III