IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MICHAL BEDNAREK,**

**Plaintiff,**                                          **Case No. 2:26-cv-01047-MRH**

**v.**

**SCHEDULE A DEFENDANTS,**

**Defendants.**

---

**DEFENDANTS NO.259, 258, 255, AND 257'S EMERGENCY MOTION TO VACATE**

**THE PRELIMINARY INJUNCTION ORDER**

**INTRODUCTION**

Defendants No. 259, 258, 255, and 257 respectfully submit this Emergency Motion requesting that the Court vacate the Preliminary Injunction Order entered on July 6, 2026 (ECF No. 30) as to these Defendants.

Defendants do not seek to litigate the entire merits of this action through this emergency filing. Instead, Defendants respectfully request relief because the Preliminary Injunction was entered before Defendants had a meaningful opportunity to understand the allegations, seek legal assistance, present evidence, or raise threshold objections.
This request is based on four fundamental issues.

First, each Defendant operates an individually registered online store using personal identification information. Defendants are **individual sellers** appearing on their own behalf and are not corporations, partnerships, or other legal entities requiring representation through counsel.

Second, Defendants did not receive notice of this action until July 2, 2026. Due to the timing of the notice and the scheduled hearing, Defendants had insufficient time to understand the allegations, obtain assistance, or prepare a meaningful response before the Preliminary Injunction was entered.

Third, the accused listings associated with these Defendants generated no sales and no revenue. The listings had already been removed before this action proceeded. Plaintiff therefore cannot establish actual commercial activity, actual harm, or sufficient contacts with Pennsylvania to support personal jurisdiction.

Fourth, Plaintiff had access to Defendants' identifying information and addresses through the platform. However, Plaintiff relied on email notice instead of appropriate international service procedures. Defendants respectfully submit that service was insufficient under the circumstances of this case and did not provide adequate procedural protection.

For these reasons, Defendants respectfully request that the Court vacate the Preliminary Injunction Order as to these Defendants.

## I. DEFENDANTS ARE INDIVIDUAL SELLERS OPERATING PERSONALLY REGISTERED STORES AND MAY APPEAR PRO SE

Each Defendant registered and operated an individual online store using personal identification documents required by the platform.

Defendants are not corporations, limited liability companies, partnerships, or other legal entities. Each Defendant owns and manages his or her own store independently. Each Defendant is defending only his or her own individual store and personal interests.

Defendants therefore respectfully submit that their appearance pro se is appropriate because they are defending their own individual rights and interests.

**Exhibit 1** demonstrates that each Defendant's store registration is connected to an individual identity and verified personal information.

## II. DEFENDANTS WERE DENIED A MEANINGFUL OPPORTUNITY TO BE HEARD BEFORE THE PRELIMINARY INJUNCTION WAS ENTERED

Defendants first received an email from Plaintiff's counsel on July 2, 2026(**Exhibit 2)**.

Before that date, Defendants had no practical knowledge that Plaintiff was seeking extraordinary injunctive relief or that a hearing had been scheduled.

After receiving the email, Defendants immediately attempted to communicate with Plaintiff on July 4, 2026 in an effort to understand and resolve the matter(**Exhibit 3)**.

However, due to the timing of the notice and the holiday period, Defendants had only a very limited period of time to understand the allegations, seek legal assistance, and prepare a response.

By the time Defendants understood that the hearing had occurred, the Preliminary Injunction Order had already been entered.

A defendant facing extraordinary injunctive relief must be provided a meaningful opportunity to be heard before significant property interests are restricted.

Here, Defendants were unable to present evidence, raise jurisdictional objections, or respond to Plaintiff's allegations before the Court entered the Preliminary Injunction.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER THESE DEFENDANTS BECAUSE THE ACCUSED LISTINGS GENERATED NO SALES OR CONTACTS WITH PENNSYLVANIA

Plaintiff bears the burden of establishing that this Court has personal jurisdiction over each individual Defendant.

Personal jurisdiction must be evaluated separately as to each Defendant.

Under the Due Process Clause, a court may exercise specific personal jurisdiction only where a defendant has sufficient minimum contacts with the forum state and has purposefully directed its activities toward that forum.

Personal jurisdiction cannot be established merely because an online store is accessible to residents of Pennsylvania.

Here, Plaintiff cannot meet that burden.

The accused listings associated with these Defendants generated no completed sales, no revenue, and no commercial transactions. The platform records attached as **Exhibit 5** demonstrate that the sole accused image generated **zero** units sold and **zero** sales revenue for each Defendant.

These Defendants did not sell the accused product to Pennsylvania customers, did not ship the accused product to Pennsylvania, and did not receive payments from Pennsylvania related to the accused listings.

As shown in **Exhibit 4** the accused listings were removed before this action proceeded, and Defendants have not reposted the listings.

Without evidence of any actual sale, shipment, payment, or commercial activity connected to Pennsylvania, Plaintiff cannot establish that these Defendants purposefully availed themselves of Pennsylvania.

The mere accessibility of an online platform throughout the United States is insufficient to establish personal jurisdiction.

Because Plaintiff cannot establish sufficient contacts between these Defendants and Pennsylvania, the Preliminary Injunction should be vacated as to these Defendants.

## IV. SERVICE WAS INSUFFICIENT UNDER THE CIRCUMSTANCES OF THIS CASE BECAUSE PLAINTIFF HAD ACCESS TO DEFENDANTS' KNOWN ADDRESSES

Plaintiff's service of process was insufficient under the circumstances of this case.

Unlike situations where a defendant's identity or location is unknown, Plaintiff had access to Defendants' identifying information and physical addresses through the platform.

**Exhibit 1** demonstrates that each Defendant provided verifiable identity information and address information when registering the stores.

Because Defendants' identities and locations were available, Plaintiff had the ability to pursue formal international service procedures.

Instead, Plaintiff relied solely on email notice before seeking extraordinary injunctive relief that froze Defendants' funds and restricted their business operations.

Defendants respectfully submit that email notice under these circumstances did not provide a meaningful opportunity to respond before the Preliminary Injunction was entered.

Where a **foreign defendant**'s identity and address are known, bypassing formal service procedures raises serious due process concerns.

The Court should therefore reconsider whether service was sufficient and whether the Preliminary Injunction should remain in effect against these Defendants.

## V. THE CONTINUED ASSET FREEZE CREATES DISPROPORTIONATE HARDSHIP

The continued freezing of Defendants' funds creates severe and disproportionate hardship. The frozen funds are unrelated to any actual sales or revenue generated from the accused listings.

As shown in **Exhibit 5**, the accused listings generated zero sales and zero revenue. As shown in **Exhibit 6**, each Defendant has funds frozen that are necessary for ordinary business operations, including inventory purchases, shipping expenses, and platform fees.

Maintaining a freeze on funds unrelated to the alleged infringement imposes significant harm on Defendants without any corresponding benefit to Plaintiff.

At a minimum, the Court should modify the Preliminary Injunction and release funds unrelated to the accused listings.

## VI. DEFENDANTS ARE INDEPENDENT SELLERS AND NOT PART OF ANY ORGANIZED NETWORK

Plaintiff alleges that Defendants concealed their identities, used false registration information, and operated a large network of stores. These allegations are incorrect.

The four Defendants are independent individual sellers. They did not know each other before this action and only became aware of each other through this litigation process. They have never shared ownership, business operations, inventory, employees, payment accounts, or management. Each Defendant independently operates his or her own store and manages his or her own business. The four Defendants also have no relationship, communication, or business dealings with the other defendants identified in this action. Each Defendant registered his or her store using real identity information and address information required by the platform.

Defendants did not use false names, false addresses, or other methods to conceal their identities. The fact that multiple sellers may offer similar products on the same platform does not establish common ownership, coordination, or conspiracy. Plaintiff has provided no evidence connecting these Defendants with any organized network.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court:

1. Vacate the Preliminary Injunction Order (ECF No. 30) as to Defendants No. 259, 258, 255, and 257;

2. Alternatively, modify the Preliminary Injunction Order and release funds unrelated to the accused listings;

3. Grant Defendants reasonable additional time to respond to the Complaint and obtain legal assistance if necessary.

Respectfully submitted,

/s/ *YUXIN CAI*
YUXIN CAI
   (also known as Peter Tsai)
No. 259 Defendant
Date: July 14, 2026
Email: 4065337430@qq.com

/s/ *SHAOFENG HUANG*
SHAOFENG HUANG
No. 258 Defendant
Date: July14, 2026
hsfsimon@icloud.com

*/s/ BIN XIE*
BIN XIE
No. 255 Defendant

Date: July 14, 2026

592204552@qq.com


*/s/ JIAXIANG CHEN*

JIAXIANG CHEN

No. 257 Defendant

Date: July14, 2026

602992964@qq.com

**Exhibit 1-Platform Store Information: Showing Store Type, Owner Identities and Addresses**





| Current effective entities

NO.257

- Store owner information

| | |
|---|---|
| Entity ID | 1005377981812935 |
| Main type | Mainland private shops |
| ID photo | |
| Name | Chen Jiaxiang |
| ID number | 1404811998011.561 |
| Certificate validity period | 2032-06-20 |
| Personal residential address | Please click on [Edit Main Body] to add supplementary information. |
| Office address | |

Chinese    Province: Fujian Province

City: Xiamen

Area: Huli District

Detailed Address: Room 2702, Dingfeng Fortune Center, Gaoling Middle Road, Jinshan Street





**Exhibit 2-First email from Plaintiff's Counsel dated July 2, 2026**



**Exhibit 3-We sent an email to initiate communication On July 4.**

**Exhibit 4-Platform Records Showing Removal of Image in November 2025 and February 2026**





14





**Exhibit 5-Platform Records Showing Zero Sales and Zero Revenue**









## Exhibit6-Platform Fund Data Showing Frozen Funds and Financial Losses









## CERTIFICATE OF SERVICE

**I hereby certify that on July 14, 2026, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which automatically provides notice of this filing to all counsel of record.**

/s/ *YUXIN CAI*
YUXIN CAI
No. 259 Defendant
Date: July 14, 2026
Email: 4065337430@qq.com